1816.

HAWLEY
v.
CLOWES.

*HAWLEY *against* CLOWES.                         [ * 122 ]

An injunction to stay waste between tenants in common lies, in special cases; as to prevent one tenant in common, in possession, from cutting down timber growing on the land, and not wanted for the necessary use of the farm.

THE bill prayed for a partition of land, and for an injunction to stay waste in cutting down and carrying away the timber. It stated, that the plaintiff and defendant owned the land as tenants in common, in equal undivided moieties, and that the defendant is in the actual possession of the whole by himself, or his tenant, and is cutting down the timber, and threatening to persevere; but admitted the plaintiff's title as tenant in common.

*February 6th.*

An injunction was granted on filing the bill, which was sworn to.

The defendant, in proper person, moved to dissolve the injunction, on the ground that an injunction to stay waste between tenants in common will not lie, and cited *Goodwyn* v. *Spray*, (*Dickens*, 667.) in 1786, and *Smallman* v. *Onions*, (3 *Bro.* 621.) But if the motion could not be granted *in toto*, he then moved that he might have liberty to carry off the wood already cut before the service of the process.

No answer was put in.

*Buel*, contra.

THE CHANCELLOR. The injunction must be modified, so as to confine it to timber then standing and growing on the premises, and not wanted for the necessary use of the farm. The last-cited case admitted the authority of the *Court to grant the writ between tenants in common, in special cases, as where the defendant was sworn to be insol-

*Injunction to stay waste between tenants in common, in certain cases.*

[ * 123 ]

vent; and Lord *Eldon*, in the subsequent cases of *Hole* v. *Thomas*, (7 *Vesey*, 589.) and of *Tworl* v. *Tworl*, (16 *Vesey*, 128.) admitted the propriety and necessity of this power in the Court, between tenants in common, where the waste was destructive to the estate, and not within the usual and legitimate exercise of enjoyment. The case, therefore, of the exercise of this power, must rest in sound discretion; it is not a case of a want of jurisdiction. Here is a bill for partition, and pending the suit it appears to be extremely fit that the tenant in common in possession, should not be permitted to strip the land of its timber. It is destructive, in many cases, of the value of the estate, and not consistent with a prudent enjoyment by the real owner. The statute of *W*. 2. 13 *Edw*. I. c. 22. (sess. 10. ch. 6.) gives an action of waste by one tenant in common against another. It is, therefore, an injury recognized by law, and the remedy by injunction is applicable to every species of waste, it being to prevent a known and certain injury; this remedy is peculiarly proper and appropriate pending a bill for partition of the very land. It comes within the equity of the statute, (of sess. 10. ch. 50. s. 29.) which prohibits a defendant, pending a suit for the land, from making waste, and directs the Court, where the suit is pending, to prevent it. The injunction, therefore, under the above modification, must be continued until answer, and further order.

                    Injunction continued.